UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Sean Poplawski** **Docket No. 7:14-CR-94-1D**

**Petition for Action on Supervised Release**

COMES NOW Marisa D. Watson, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Sean Poplawski, who, upon an earlier plea of guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), was sentenced by the Honorable James C. Dever III, U.S. District Judge, on February 18, 2015, to the custody of the Bureau of Prisons for a term of 144 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 240 months. Sean Poplawski was released from custody on April 26, 2024, at which time the term of supervised release commenced.

On June 18, 2026, the defendant's term of supervised release was revoked due to possessing a controlled substance and failing to participate as directed in a urinalysis program. He was held in custody until 4:00pm that day and placed on a 200-month term of supervised release under the same mandatory, standard, and previously ordered special conditions of supervision.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

4. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

5. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

6. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

7. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

8. The defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least ten days prior to the change and pre-approved before the change may take place.

9. The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed.

10. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. §16901, et seq.), as directed by the U.S. Probation Officer, the Bureau of Prisons, or any state or tribal government sex offender registration agency in a state where the defendant resides, works, is a student, or was convicted of a qualifying crime.

11. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., servers, cashiers, ticket vendors, etc.).

12. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

13. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

14. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

15. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

16. The defendant shall submit to a search of his person, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant. The search may be conducted by any law enforcement officer or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

Additionally, the defendant submitted a urine sample for testing prior to his revocation hearing that was held on June 18, 2026. The results returned from the national lab on June 20, 2026, and yielded a positive result for marijuana. As the defendant has already been revoked and remains active in treatment, the probation office is requesting that no action be taken by the court.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Maurice J. Foy
Maurice J. Foy
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Marisa D. Watson
Marisa D. Watson
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8690
Executed On: September 25, 2026

## ORDER OF THE COURT

Considered and ordered this 28 day of September, 2026, and ordered filed and made a part of the records in the above case.

J. Dever
James C. Dever III
U.S. District Judge